**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NEGUEST SHAWL,

      Plaintiff-Appellant,

v.

DILLARD'S INC.,

      Defendant-Appellee.

No. 99-1409

(D.C. No. 98-M-2276)

(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE, McWILLIAMS,** Circuit Judges, and **JENKINS**, District Judge. [**]

Plaintiff Neguest Shawl appeals the district court's entry of summary judgment in favor of defendant Dillard's Inc., on her claims based on 42 U.S.C. § 1981. On appeal, she contends the district court erred in granting summary judgment because there is a genuine issue of material fact as to whether Dillard's violated (1) the contracts clause of Section 1981; and (2) the "full and equal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Bruce S. Jenkins, Senior United States District Judge, District of Utah, sitting by designation.

benefits" clause of Section 1981. This court has jurisdiction under 28 U.S.C. § 1291. We affirm the grant of summary judgment as to the contracts clause claim, but remand the grant of summary judgment on the full and equal benefits claim for clarification.

## I.

Shawl, a United States citizen of Ethiopian descent, was shopping in the shoe department at defendant's store in the Park Meadows Mall on August 12, 1997. Shawl thought the salesperson who assisted her was unhelpful and unpleasant, and she did not want him to realize a commission on her sale. She took the sandals she selected to the register and asked another salesperson to hold them, but was informed the sandals could not be held since they were on sale. Shawl told the salesperson at the register that if the sandals were there when she returned the next day, she might purchase them. Shawl testified that the salesperson at the register was not pleasant to her. Shawl and her companion then left the store. As they neared another store in the mall, Shawl was approached by a security agent from Dillard's. He stated the store was unable to find the shoes she had tried on and that she was the last person the salesperson had seen with the shoes. She was asked to return to the store. When she returned to the store, the salesperson at the register produced the sandals. Shawl completed a complaint form with the store.

On October 19, 1998, Shawl filed suit in federal district court asserting two separate 42 U.S.C. § 1981 claims: (1) violation of her right to make and enforce contracts, and (2) violation of her right to the full and equal benefit of the laws. [1] Dillard's moved for summary judgment, arguing as to the former there was no contract to support a Section 1981 contracts clause claim and, as to the latter, such a claim can only be brought against state actors. Although the district court held that a full and equal benefits clause claim can be stated against a private actor, it granted summary judgment in favor of Dillard's, holding: "With respect to the benefits – opportunity to contract claim under [the Section] 1981 amendments . . . the facts in my view do not add up to an interference with her opportunity to buy those sandals." Aplt. App. at 39-40. Judgment was entered dismissing Shawl's action.

On appeal, Shawl presents two issues: (1) whether the district court erred in ruling on summary judgment that a plaintiff must show that defendant refused to contract in order to establish a claim under § 1981; and (2) whether the district court erred in ruling on summary judgment that the equal benefits clause of § 1981 is limited to interference with contracts.

---

[1] Shawl originally filed suit on September 17, 1997, in state court claiming only the state law torts of false imprisonment and defamation. Her federal suit asserted the state law claims in addition to the two Section 1981 claims. On January 4, 1999, she voluntarily dismissed the state court action. The federal district court granted summary judgment for Dillard's as to her state tort claims.

3

## II.

"We review de novo the district court's grant of summary judgment." Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1269 (10th Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999).

## III.

"By its language, Section 1981 establishes four protected interests: (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments." Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1267 (10th Cir. 1989). [2] "Litigation involving § 1981 most

---

[2] 42 U.S.C. § 1981(a) provides:
(a) Statement of equal rights
     All persons within the jurisdiction of the United States shall
have the same right in every State and Territory to make and enforce

(continued...)

4

commonly involves the right to make and enforce contracts of employment." Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). Shawl, however, asserts her Section 1981 claims in the context of a retail transaction. "Claims involving retail transactions have been infrequent." Id. Nonetheless, this court has addressed the prima facie case for a Section 1981 claim in the context of a retail transaction. To establish a claim under § 1981, the plaintiffs must show that (1) they are members of a protected class; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981. See Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101 (10th Cir. 2001); see also Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1235 (11th Cir. 2000) (setting forth the prima facie case a plaintiff must meet in a non-employment discrimination case to withstand

---

[2](...continued)
contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
(b) "Make and enforce contracts" defined
        For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
(c) Protection against impairment
        The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

5

a motion for judgment as a matter of law), *petition for cert. denied sub nom* . Zeirei Agudath Israel Bookstore v. Avis Rent-A-Car Sys., Inc. , 121 S. Ct. 1354 (2001); Morris , 89 F.3d at 413 (same); Green v. State Bar of Tex. , 27 F.3d 1083, 1086 (5th Cir. 1994) (same); Mian v. Donaldson , Lufkin & Jenrette Sec. Corp. , 7 F.3d 1085, 1087 (2d Cir. 1993) (same); *but see* Murrell v. Ocean Mecca Motel, Inc., 2001 WL 882953 (4th Cir. 2001) ("A plaintiff makes out a prima facie case under § 1981 of discrimination in hotel accommodations when she demonstrates that (1) she is a member of a protected class, (2) she sought to enter into or had a contract with a hotel for accommodations, (3) she met the hotel's standard requirements for occupancy, and (4) she was denied accommodations that were available to guests outside of the protected class."); Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 872 (6th Cir. 2001) ("In a § 1981 commercial establishment case, a plaintiff must prove: (1) plaintiff is a member of a protected class; (2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.") .

*Contracts clause claim*

To state a claim under the contract clause of Section 1981, a plaintiff must identify the actual loss of a contract. Phelps , 886 F.2d at 1267. In her opposition to Dillard's summary judgment motion and at oral argument, Shawl argued that the basis of her contract claim was that she entered Dillard's "with the specific intent to make a specific contract: the purchase of brown sandals," "continued the formation when she asked to try on two pairs of brown sandals," and "brought the sandals to the counter with the distinct intent to buy that specific pair of sandals." Aplt. Supp. App., Tab C. at 14-15. The only thing that prevented her from purchasing the sandals was that the salesperson had been rude to her and she believed he would get a commission if she purchased the sandals at that time. Accordingly, she decided to put the sandals on hold, but the salesperson at the register informed her they could not be put on hold because they were on sale.

Shawl contends "[t]he fact that the purchase was to be finalized the next day is irrelevant." Aplt. Br. at 15. However, with the facts of this case, it seems highly relevant. When Shawl left the store there was no guarantee that the shoes would be there the following day. Further, there was no guarantee Shawl would return to purchase the sandals the next day. Rather than leaving Dillard's "in the middle of the contract formation" as she alleges, see id., Shawl opted not to

purchase the shoes that night and risk that they would still be available the next

day. Ultimately, Shawl asks the court to allow her to proceed with a Section

1981 case based on her unexpressed subjective intent to return to purchase a pair

of sandals that might no longer have been there. She has not shown an actual

contract loss. Rather, she opted not to pursue the contract. Accordingly, we

affirm the district court's grant of summary judgment in favor of Dillard's on the

contracts clause claim. [3]

*Full and equal benefits clause claim*

In granting summary judgment in toto for Dillard's, the district court did

not discuss Shawl's full and equal benefits clause independently. Rather, it

merely granted summary judgment on both Section 1981 claims with the

---

[3] It should also be noted that Shawl did not identify the shoe incident as the relevant contract until her opposition to Dillard's summary judgment motion. In her amended complaint, she alleged the relevant contract was an "implied contract" between Dillard's and her, "as a member of the shopping public." Aplt. App. at 8. One possible reason she abandoned this "contract" as the basis for recovery is that, at the time of briefing, the two courts that had considered permutations of the implied-contract-with-the-consumer-as-a-member-of-the-shopping-public theory expressly rejected it. See Hampton v. Dillards Dept. Stores, Inc., 985 F. Supp. 1055, 1059 (D. Kan. 1997); Lewis v. J.C. Penney Co., 948 F. Supp. 367, 371-72 (D. Del. 1996). Subsequently, this court expressly rejected this type of "contract" as serving as a valid basis for a Section 1981 contracts clause claim. See Hampton, 247 F.3d at 1118 (rejecting expressly the "expansive interpretation that § 1981 broadens the scope of relevant civil rights and protects customers from harassment upon entering a retail establishment").

following sentence: "With respect to the benefits – opportunity to contract claim under [the Section] 1981 amendments . . . the facts in my view do not add up to an interference with her opportunity to buy those sandals." Aplt. App. at 39-40.

As regards this opportunity to contract claim, Shawl points to the language in <u>Runyon v. McCrary</u>, 427 U.S. 160, 170-71 (1976), which states the "right to 'make and enforce contracts' is violated if a private offeror refuses to extend to a Negro, solely because he is a Negro, the same opportunity to enter into contracts as he extends to white offerees." Shawl interprets the district court's ruling on her opportunity to contract/equal benefits clause claim as a ruling that the equal benefits clause of § 1981 is limited to interference with contracts. It is not clear, however, that this is what the district court intended. In fact, from the transcript, it cannot be determined exactly what the court held with respect to the full and equal benefits clause claim. Accordingly, we remand the grant of summary judgment on the full and equal benefits issue to the district court for clarification.

AFFIRMED IN PART and REMANDED IN PART for clarification.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9